IN RE: APPEAL OF GEORGE SKINNER.
No. 2008 CA 2245
Court of Appeals of Louisiana, First Circuit.
May 8, 2009.
Not Designated for Publication
CHARLES L. DIRKS, III, FLOYD J. FALCON, Jr., Attorneys for Plaintiff  Appellant-George Skinner.
TIMOTHY MATHISON, Attorney for Defendant  Appellee-City of Slidell.
Before PETTIGREW, McDONALD, HUGHES, JJ.
McDONALD, J.
In this matter, an employee of the Slidell Police Department, George Skinner, was suspended without pay without a hearing prior to the suspension. The suspension was appealed to the Slidell Municipal Fire and Police Civil Service Board. After conducting a hearing relative to Corporal Skinner's suspension, the Board upheld the disciplinary action. Corporal Skinner appealed the Board's decision to the Twenty-Second Judicial District. By judgment rendered July 3, 2008, the trial court upheld the Board's decision. It is this ruling from which Corporal Skinner seeks relief.
The sole assignment of error raised in this appeal is whether the trial court erred in concluding that the City of Slidell provided Corporal Skinner with due process of law prior to suspending him without pay. The facts relative to the suspension follow.
On the morning of September 3, 2005, prior to roll call, Corporal Skinner approached a commanding officer, Lt. Lee Dresselhaus, and attempted to initiate a discussion regarding action threatened against another police officer. Lt. Dresselhaus declined to discuss the matter. Corporal Skinner, according to Lt. Dresselhaus, was agitated and confrontational. He was standing close to Lt. Dresselhaus and pointing his finger in his face. After repeated orders to get his finger out of the lieutenant's face, he did so, but ignored orders to "stand down," and continued to be confrontational.
The incident was reported to the Chief of Police, Freddy Drennan, who ordered an Internal Affairs investigation. The investigation included interviews with other officers who had witnessed the incident, and confirmed to a large degree what Lt. Dresselhaus had reported. On September 4, 2005, a letter from Chief Drennan was sent to Corporal Skinner advising him that he was suspended from duty without pay due to his "insubordinate actions with Lt. Lee Dresselhaus on Saturday, September 3, 2005 at approximately 07:00 hours, at John Slidell Park." The letter stated that Corporal Skinner's actions placed him in violation of two Slidell Police Department rules of conduct, insubordination and unbecoming conduct.
On September 8, 2005, Chief Drennan addressed a letter to Corporal Skinner that advised that the seriousness of the rule violations warranted a five day suspension without pay. Corporal Skinner was ordered to return to work at 14:00 hours on September 9, 2005. According to Chief Drennan's testimony at the Board hearing, Corporal Skinner did not report to work on September 9, 2005, but he was paid and placed on administrative leave until he did return to work.
At the Civil Service hearing, the Board first addressed the issue of whether under the facts of this matter, a pre-disciplinary hearing was required in order to provide due process. It noted that City of Slidell, Civil Service Rule 16.09 provides: "... Regarding suspensions, the appointing authority may suspend an employee without prior notice and without a pre disciplinary hearing if the appointing authority believes immediate suspension is in the best interest of the City." In a split decision, the Board held that due to the state of emergency in the aftermath of Hurricane Katrina,[1] the suspension of Corporal Skinner without a predisciplinary hearing was allowed pursuant to that rule.
The Board then considered whether the appointing authority acted in good faith for cause in suspending Corporal Skinner based upon his insubordinate behavior with Lt. Dresselhaus. The Board issued extensive findings including the contentions of both parties, the testimony, and the evidence considered. The Board unanimously found that the appointing authority met its burden of proof in showing that it acted appropriately under the circumstances and, further, that it acted in good faith for cause.
Upon judicial review, the trial court noted that the Board's actions supported that of the Police Chief. It found that the defendant's discipline was not excessive, but "was concomitant to the behavior which prompted the suspension." The court noted that Corporal Skinner was suspended for five days and lost pay for those days, but no other employment benefits were affected. The court found "that under the circumstances the petitioner's due process rights and interests were satisfied and protected. The Board could have voted not to uphold the action of the Police Chief, and the petitioner would have been re-instated without lost pay."
After careful consideration of the law, jurisprudence, and record in this matter, we find no error in the conclusion of the trial court that under the circumstances Corporal Skinner's suspension without a pre-disciplinary hearing did not violate due process of law. Therefore, the judgment appealed is affirmed, and this opinion is issued in compliance with URCA Rule 2-16.1.B. Costs are assessed to George Skinner.
AFFIRMED.
NOTES
[1] Hurricane Katrina devastated the Slidell area on August 29, 2005.